IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **WASEEM DAKER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 7:20-cv-43 (MTT) |
| | ) |
| Warden **BRIAN ADAMS,** | ) |
| | ) |
| Respondent.[1] | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle has conducted pre-service review of Petitioner Waseem Daker's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. After review, the Magistrate Judge recommends dismissing this action and denying a certificate of appealability. Doc. 12. Daker objected, so pursuant to 28 U.S.C. § 636(b)(1), the Court reviews de novo the portions of the Recommendation to which Daker objects.

This case is an unusual procedural posture after the Eleventh Circuit held that a procedural due process claim regarding classification in administrative segregation is cognizable under 28 U.S.C. § 2254, even when success on that claim will not affect the length of a prisoner's incarceration. *Daker v. Warden*, 805 F. App'x 648, 650 (11th Cir.

---

[1] "[T]here is generally only one proper respondent to a given prisoner's habeas petition." *Rumsfield v. Padilla,* 542 U.S. 426, 434 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" *Id.* at 435. In this case, the proper Respondent is the Warden of Smith State Prison. As such, the Court will substitute Brian Adams, the current Warden of Smith State Prison, for Respondent Shawn Emmons and dismiss Shawn Emmons as a named respondent.

2020), *cert. denied sub nom. Daker v. Perry*, No. 20-281, 2020 WL 6551785 (U.S. Nov. 9, 2020).  The only remaining claim is Daker's procedural due process claim.[2]

Daker was convicted in 2012 and confined in the Georgia Diagnostic and Classification Prison in the Middle District of Georgia.  *Daker v. Adams*, 6:20-cv-115-JRH (S.D. Ga.), Doc. 1 ¶ 7.  In April 2014, he was transferred to Georgia State Prison in the Southern District of Georgia.  *Id*. ¶¶ 7-8.  In April 2018, he was transferred to Macon State Prison in the Middle District of Georgia.  *Id*. ¶ 9.  In December 2018, he was transferred to Valdosta State Prison in the Valdosta Division of the Middle District of Georgia.  *Id*. ¶¶ 9-10.  In October 2020, he was transferred to Smith State Prison in the Southern District.  *Id*. ¶ 11.

During that time, Daker has filed several habeas suits raising procedural due process claims:

- *Daker v. Allen*, No. 6:17-cv-23-JRH (S.D. Ga.): challenged three instances of placement in administrative segregation, between March 2015 and April 2016, and two classification review hearings during his continuous Tier II confinement from April 2016 until his transfer in April 2018.  Doc. 1 at 15-40.

---

[2] Daker's only remaining claim is a procedural due process claim.  He originally brought First Amendment and Eighth Amendment claims, but those claims were dismissed under the well-established rule that § 1983 and § 2254 are "mutually exclusive remed[ies]."  *Daker*, 805 F. App'x at 651.  Implicitly, therefore, the panel held that due process challenges to administrative segregation are not cognizable under § 1983.  That creates a split in the Eleventh Circuit's unpublished guidance.  *See, e.g.*, *Quintanilla v. Bryson*, 730 F. App'x 738, 745 (11th Cir. 2018) (vacating dismissal of § 1983 procedural due process claims regarding assignment to administrative segregation); *Morefield v. Smith*, 2009 WL 36673, at *7 (S.D. Ga. Jan. 5, 2009), *aff'd,* 404 F. App'x 443 (11th Cir. 2010); *Anderson v. Chapman*, 2013 WL 4495827, at *1 (M.D. Ga. Aug. 20, 2013), *aff'd*, 604 F. App'x 810 (11th Cir. 2015); *Jackson v. Brewton*, 2013 WL 4647419, at *1 (S.D. Ga. Aug. 29, 2013), *aff'd*, 595 F. App'x 939 (11th Cir. 2014); *Gales v. Bryson*, 2020 WL 7053498, at *1 (S.D. Ga. Nov. 2, 2020), *report and recommendation adopted*, 2020 WL 7048291 (S.D. Ga. Dec. 1, 2020); *see also Sandin v. Conner*, 515 U.S. 472 (1995) (addressing, in the context of a § 1983 procedural due process claim, whether the plaintiff had a liberty interest in remaining free from administrative segregation).

- *Daker v. McLaughlin*, 5:18-cv-171-MTT (M.D. Ga., Macon Division): challenged GDC Tier II policies in general.  Doc. 1-1 at 3-8.  It was consolidated into *Daker v. Emmons*, 7:20-cv-43-MTT (M.D. Ga.).

- *Daker v. Emmons*, 7:20-cv-43-MTT (M.D. Ga., Valdosta Division): challenged placement in Tier II at Macon State Prison on April 19, 2018 and subsequent classification review hearings at Valdosta State Prison, up until the time the petition was filed.  Docs. 1 at 23-25, 48-52; 5 at 17-19; 39-42.

- *Daker v. Adams*, 6:20-cv-115-JRH (S.D. Ga.): challenged placement in Tier II at Macon State Prison on December 7, 2018; subsequent classification review hearings at Valdosta State Prison, up until the time Daker was transferred; and placement on Tier II at Smith State Prison on October 15, 2020.  Doc. 1 ¶¶ 226-261.

Because the only available remedy for Daker's § 2254 petitions is release from Tier II, [3] these four lawsuits are duplicative.

The last three petitions listed above have not yet proceeded past Rule 4 review.  However, the first one—*Daker v. Allen*—is now on appeal from final judgment.  The court in *Allen* concluded that Daker had failed to exhaust available state court remedies and that his petition was moot.  *See generally* Docs. 246; 252.  As to mootness, the court concluded that

> [O]nly Daker's most recent assignment to Tier II matters for habeas purposes, [so] the only events Daker could arguably challenge as a basis for release from Tier II in this action are the January 2018 disciplinary reports and the March 2018 90-day review. But even those events cannot

---

[3] Arguably, a new classification hearing which satisfies due process, rather than release to general population, may be the appropriate remedy.

> properly be challenged here. Daker was transferred to Macon State Prison one month after his March 2018 90-day review and immediately placed in Tier II at that institution. He was later transferred to Valdosta State Prison, was assigned to Tier II there, and remains in Tier II at that institution. Daker has informed the Court that, since his April 2018 transfer from GSP, he had 90-day reviews at Macon State Prison in June 2018, September 2018, and December 2018 and 90-day reviews at Valdosta State Prison in December 2018, March 2019, June 2019, September 2019, and December 2019. Doc. 234. This means that Daker has had at least eight 90-day Tier II reviews since he left GSP, and on every occasion, he was kept on Tier II. This Court has no information about what occurred during the 90-day reviews at Macon State Prison or Valdosta State Prison or concerning whether any new disciplinary violations contributed to the decision to continue Daker's assignment to Tier II. Indeed, it does not appear Daker challenges any of those decisions in this action; thus, the Court could not know. Moreover, Daker is challenging his current assignment to Tier II (and presumably the procedures involved in that assignment decision and the merits of the decision) in his § 2254 petition in the Middle District of Georgia, further confirming he does not intend to challenge those events in this action.

*Daker v. Allen*, No. 6:17-cv-23-JRH (S.D. Ga.), Doc. 246 at 15.  Daker filed a notice of appeal.  Judge Hall denied Daker's motion to appeal in forma pauperis.  The Eleventh Circuit remanded for the court to consider whether a COA should issue regarding the denial of Daker's Rule 59(e) motion arising from the denial of his § 2254 petition.  *Daker*, 6:17-cv-23, Doc. 290.  Judge Hall denied a certificate of appealability.  *Daker*, 6:17-cv-23, Doc. 291 at 1-2.  The Eleventh Circuit again remanded for the District Judge to consider whether a COA should issue.  *Daker v. Warden*, No. 20-11732 (11th Cir. Feb 25, 2021).  It seems there is a substantial likelihood that the Eleventh Circuit, which has previously granted IFP and appointed counsel when a case's procedural history is

complicated[4] or when lots of claims are asserted[5], will issue a COA and appoint counsel for Daker.

If affirmed, *Daker v. Allen* would resolve many of the issues in this lawsuit. Further, as the Magistrate Judge noted, Daker is now back in the Southern District. Accordingly, this action and his new Southern District action (and possibly *Allen*, too) are duplicative.

The Magistrate Judge found that the Southern District would be the more appropriate venue, but ultimately recommended dismissing the case. Citing 28 U.S.C. § 2241(d), the Magistrate Judge concluded Daker had filed this action in the wrong forum. Doc. 12 at 2-3. The Recommendation does not make clear whether this conclusion concerns jurisdiction or venue.

Daker was held in this District at the time the original application was filed, so the Court has jurisdiction. *See* 28 U.S.C. § 2241(d). In his objection, Daker argues that "once jurisdiction has attached in a particular district upon the initial filing of the Petition, jurisdiction is not destroyed by a Petitioner's transfer and accompanying custodial change." Doc. 13 at 9 (citing *McClure v. Hopper*, 577 F.2d 938, 939-40 (5th. Cir. 1978)). The Court agrees that it retains jurisdiction.

A related issue is whether the Middle District of Georgia is the proper venue. The Recommendation does not specifically address venue, but 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the

---

[4] *See Rodriguez v. Does*, No. 20-cv-11218 (11th Cir. Aug. 25, 2020) (concluding, summarily, that appeal was nonfrivolous and appointing counsel because of "the lengthy and complicated procedural history of this case").

[5] *See Rodriguez v. Powell*, No. 19-12632 (11th Cir. April 7, 2020) (granting IFP because the pro se appellant raised "myriad claims"). It is unclear how the number of claims relates, if it does relate, to the frivolity standard codified at 28 U.S.C. § 1915.

wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." However, the consolidated petitions, at the time they were filed, both involved conduct in the Middle District of Georgia. Accordingly, this action, when it was initially filed, was not filed in the wrong venue. As a result, § 1406 does not apply.

Instead, the case may be transferred under § 1404, which allows transfer for the convenience of parties and witnesses. *See* 14D Fed. Prac. & Proc. Juris. § 3827 (4th ed.) ("If the original federal forum is a proper venue, transfer of the action may be ordered under Section 1404(a), and Section1406(a) is inapplicable."). However, neither § 1404(a) nor § 2254(d) appear to authorize dismissal when another forum would be more convenient for the parties and witnesses. For that reason, the Recommendation (Doc. 12) is **REJECTED**.

Still, transfer is likely appropriate. As the Magistrate Judge noted, "it is not presently clear whether Daker remains in Tier II administrative segregation at Smith State Prison. The appropriate forum for resolving this mootness concern, and for assessing Daker's possible entitlement to habeas relief on the merits, is the Southern District of Georgia." Doc. 12 at 3. That conclusion is bolstered by the fact that at least one, and possibly two, duplicative petitions are already pending in the Southern District. Further, the proper Respondent is now the Warden of Smith State Prison, and any injunctive relief would run against him. Additionally, Daker's most recent classification review hearings have occurred at Smith State Prison, and to the extent those hearings are at issue, the Southern District would be more convenient for the parties and witnesses. Also, as noted above, Judge Hall has already entered judgment on

substantially similar claims in Daker's 2017 case, and the outcome of the appeal may affect the disposition of this petition.  Finally, because they challenge the same confinement and seek the same remedy, this petition and Daker's 2020 petition should arguably be consolidated.

For those reasons, transfer is likely appropriate for the convenience of parties and witnesses and is in the interest of justice.  The parties are **ORDERED** to show cause, no later than April 1, 2021, why this case should not be transferred to the Southern District of Georgia.  No extensions will be granted.

**SO ORDERED**, this 15th day of March, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
